**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TANYA WILDER**,<br><br>*Plaintiff*,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY**,<br><br>*Defendant*. | Case No. CIV-25-92-JD |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT VIA REQUEST FOR ADDITIONAL DISCOVERY AND RELIEF PURSUANT TO RULE 56(d)**

I, Jake Denne, being duly sworn under oath, and pursuant to Fed R. Civ. P. 56(d) in response to the Motion for Partial Summary Judgment filed by Defendant State Farm and Casualty Co. (ECF No. 68), attest that I have personal knowledge of the following and testify as follows:

1. I am a member in good standing with the Oklahoma Bar Association, licensed to practice law in Oklahoma, and actively engaged in the practice of law in Oklahoma.

2. I am an attorney of record with the law firm Whitten Burrage and represent Plaintiff in the above styled action. This Declaration and the Exhibit thereto are being filed pursuant to Fed. R. Civ. P. 56(d), as Plaintiff requires additional time to conduct discovery to fully and properly respond to State Farm's Motion for Partial Summary Judgment.

3. Pending before the Court are the following motions:

| Motion | Date at Issue |
|---|---|
| Plaintiff's Renewed Motion to Remand (ECF No. 52) | Fully briefed |
| Plaintiff's Motion for Extension of Scheduling Order Deadlines (ECF No. 54) | Fully briefed |
| Defendants' Motion for Partial Summary Judgment (ECF No. 68) | Response due August 26, 2026 |
| Defendant's Motion to Strike or Exclude Plaintiff's Expert Witnesses (ECF No. 67) | Response due August 26, 2026 |

4. The Court has not yet ruled on two integral motions—Plaintiff's Renewed Motion to Remand and, relevant to the instant response, Plaintiff's Motion for Extension of Scheduling Order Deadlines.

5. As noted in Plaintiff's Motion for Extension, several of the issues raised therein directly relate to Defendant's Motion for Partial Summary Judgment. For example, summary judgment may only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Despite this heightened evidentiary standard, Defendant still has not produced significant discovery relevant to the merits of this case. Specifically, despite agreeing to consolidate Nicole Manduca's deposition across the numerous federal court cases in which she has been noticed, State Farm still has not produced Ms. Manduca for deposition. As this Court is well aware, Ms. Manduca's testimony is integral to Plaintiff's claims in this action, and in kind, material to Plaintiff's expert's testimony. Additionally, Plaintiff's counsel have

received nearly ***1 million*** documents in two related state court cases (that State Farm was compelled to produce) pertaining to the Wind/Hail Focus Initiative and institutional practices at State Farm pertaining to the adjustment of wind/hail claims in two state court cases, but only after a litany of appeal briefing that included motions to reconsider and eventually a writ to the Oklahoma Supreme Court that State Farm lost. *See Hursh v. State Farm, et al.*, No. CJ-2025-2626 (Okla. Cnty. Dist. Ct.) (Palumbo, D.J.); *see also West v. State Farm, et al.*, No. CJ-2025-135 (Comanche Cnty. Dist. Ct.) (Sheperd, D.J.). The vast and extensive document productions ordered by Judge Palumbo and Judge Sheperd have led to notices of deposition for the State Farm CEO, Jon Farney, due to his knowledge of and/or involvement with the Wind/Hail Focus Initiative and the Fix Profit Task Force at the time of the Scheme's creation and implementation. After briefing State Farm's motion to quash the deposition of State Farm CEO Jon Farney, Judge Sheperd ordered State Farm to present Jon Farney for deposition in September, subject to certain limitations. *See* **Exhibit 1**, Order in *West v. State Farm*, No. CJ-2025-135 (Comanche Cnty. Dist. Ct.) (Order entered Aug. 14, 2026).

6. Plaintiff has requested similar document production in this case and the others consolidating Manduca's deposition. All of this evidence directly relates to Plaintiff's claim in this case, as the Court held in denying State Farm's prior attempt to prevent Nicole Manduca from being deposed. *See Wiesman v. State Farm*, CIV-25-00050-JD, ECF No. 3 Order at 3 (W.D. Okla. April 3, 2026) ("State Farm first argues that Manduca lacks relevant information because she had no involvement in handling Plaintiff's insurance claim. However, Plaintiff's claims in this case implicate more than just the

handling of Plaintiff's claim. Plaintiff also alleges that State Farm is perpetuating a scheme, pursuant to which it wrongfully denies coverage of wind and hail claims and to which Plaintiff was subjected with his claim. Those allegations serve as the basis of Plaintiff's breach of contract, bad faith, and constructive fraud/negligent misrepresentation claims.").

7. Given the factual issues and law presented and relied upon by Defendant in its Motion for Summary Judgment (and Motion to Strike), significant discovery must be taken prior to any responses are issued, namely, the deposition of key witness Nicole Manduca, who is expected to provide substantial, extensive testimony regarding the "Hail Focus Initiative" or the "Wind/Hail Playbook") and reviewing the millions of documents that have recently been produced by Defendant. This discovery is necessary for Plaintiff to obtain and present facts to this Court that are essential to support Plaintiff's putative responses in opposition to the foregoing motions. Moreover, Plaintiff's bad faith experts (some of whom will focus on industry standards) cannot adequately prepare a report without receipt and review of such documents.

8. State Farm employees have identified Manduca has the individual who implemented the Scheme. Manduca additionally referred to full roof replacements on wind/hail claims—the precise area of focus Plaintiff alleges State Farm implemented the Scheme to target—as "the biggest bucket of opportunity" for State Farm to turn a profit.

9. Plaintiff alleges that, under the Scheme, State Farm engages in a pattern and practice of aggregate claim handling aimed at reducing Full or Total Roof Replacements on Wind/Hail Claims. As outlined herein, State Farm forced its insured to file suit to receive benefits for a full roof replacement. Plaintiff alleges that State Farm's Scheme

involves underreporting and manipulating its damage findings to improperly reduce its coverage on valid hail claims, and requires insureds to file suit to recover the full replacement cost benefits owed to them. Plaintiff believes that the recent trove of documents produced by State Farm will lend further credence to these allegations, as will the deposition of Ms. Manduca.

10. As stated, this specific discovery related to the Wind/Hail Initiative is necessary for Plaintiff to obtain and present facts to this Court that are essential to support Plaintiff's bad faith claims and fully responding opposition to Defendant's Motion for Partial Summary Judgment. In addition, other pending motions must be adjudicated prior to responding to Defendant's Motion for Partial Summary Judgment, such as Plaintiff's Renewed Motion to Remand.

11. In addition, Judge Heaton granted similar relief based on the same discovery issues and needs in *Stafford v. State Farm*, No. CIV-25-00008-HE, before the significant discovery advancements in *West* and *Hursh* mentioned herein had occurred. *See Stafford*, ECF No. 89 Order (May 27, 2026) (consolidating and granting similar relief in four separate cases in the same litigation posture as the present case).

I swear under penalty of perjury that the foregoing is true and correct.

Executed on August 26, 2026.

*/s/ Jake Denne*
Jake Denne