**IN THE DISTRICT COURT OF COMANCHE COUNTY**
**STATE OF OKLAHOMA**

| | | | |
|---|---|---|---|
| **NEIL & LACY WEST,** **Plaintiffs.** | ) | | |
| v. | ) | **Case No. CJ-2025-135** | |
| **STATE FARM FIRE & CASUALTY, & NANCY HOLCOMB INSURANCE AGENCY, INC** **Defendants.** | ) | | |

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

AUG 14 2026

By__________
Deputy

**COURT ORDER ON DEPOSITION OF JON FARNEY**

**NOW** on this 14th day of August, 2026 the Court, after hearing argument from counsel and reviewing all of the relevant pleadings **DENIES** the motion to quash and **GRANTS IN PART** the request for a protective order, subject to the conditions set forth below.

**FINDINGS OF FACT**

This is a first-party bad-faith action arising out of Plaintiffs' homeowners' insurance claim with State Farm. In the course of discovery, Plaintiffs noticed the deposition of Mr. Farney, State Farm's highest-ranking executive. State Farm moved to quash the notice and for a protective order, arguing that Mr. Farney has no unique or relevant knowledge of Plaintiffs' claim, of the initiative the parties refer to as the "Fire Model Enhancement" ("FME"), or of the "Fix Profit Task Force" ("FPTF"), and that requiring its CEO to sit for a deposition is disproportionate to the needs of the case. Defendant further claims there are lower level executives that would be better suited to answer Plaintiffs' questions in a deposition as opposed to the CEO.

In support, State Farm submitted declarations from Mr. Farney and Ms. Manduca. State Farm represents that Mr. Farney did not assist in procuring Plaintiffs' policy and



EXHIBIT
1

had no involvement in the investigation, evaluation, or decisions regarding Plaintiffs' insurance claim, a point State Farm contends Plaintiffs concede. State Farm further represents that Mr. Farney was not directly involved in the FME and did not attend the FME meetings and that, according to Ms. Manduca, the FPTF and the FME are unrelated.

Plaintiffs identify three emails, drawn from more than 700,000 + documents State Farm has produced, that involve Mr. Farney: (1) a December 16, 2023 email from Michael Roper to Mr. Farney and sixteen other employees concerning claims trends; (2) a December 14, 2023 email in which Mr. Farney changed the agenda of a single FPTF meeting; and (3) an October 5, 2021 email from a State Farm agent to executives, including Mr. Farney. Plaintiffs contend that "pattern and practice" evidence is relevant to their bad-faith claim and have offered to take the deposition where Mr. Farney is located.

The record reflects that discovery is well advanced. Ms. Manduca has been deposed for approximately six hours, and the Court has ordered the depositions of several other senior claim personnel for State Farm.

## CONCLUSIONS OF LAW

The scope of discovery in Oklahoma is broad. A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense, reasonably calculated to lead to the discovery of admissible evidence, and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. 12 O.S. § 3226(B)(1)(a). (**Okla. Stat. Ann. tit. 12,**

**§ 3226)** Proportionality is a core element of the scope of discovery, and relevance must be firmly applied. (**Chick-fil-A, Inc. v. Ogden, 2026 OK 13, 589 P.3d 138**)

The Court "shall limit" the frequency or extent of discovery when it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive; when the party seeking discovery has had ample opportunity to obtain the information; or when the proposed discovery falls outside the proportional scope permitted by § 3226(B)(1)(a). 12 O.S. § 3226(B)(2)(c). (**Okla. Stat. Ann. tit. 12, § 3226**)

Upon a showing of good cause, and after the requisite meet-and-confer certification, the Court may enter any order justice requires to protect a party or person from annoyance, harassment, embarrassment, oppression, or undue delay, burden, or expense. Such an order may direct that the discovery not be had; that it be had only on specified terms and conditions, including designation of time, place, or the allocation of expenses; that it be had only by a discovery method other than the one selected; or that certain matters not be inquired into or that the scope of discovery be limited. 12 O.S. § 3226(C)(1). (**Okla. Stat. Ann. tit. 12, § 3226)**

The deposition of a high-ranking corporate executive is governed by these same standards. In (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**), the Oklahoma Supreme Court expressly **declined to adopt the "apex doctrine"** — the rule, applied in some jurisdictions, that shields corporate officials at the top of a corporate hierarchy from deposition and requires the party *seeking* the deposition to show that the official has unique or superior personal knowledge of discoverable information. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**) The Court "decline[d] to adopt a

form of the apex doctrine that shifts a burden to the party seeking discovery"; in Oklahoma, "the burden of showing"good cause" is statutorily placed on the party objecting to discovery and is part of that party's motion for a protective order." (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**)

An objecting corporation therefore may not rely on "blanket statements" that its official has "little, if any, unique personal knowledge" of, or no relevant information about, the controversy. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**) To carry its burden, the objecting party must explain why the official, as such, would lack knowledge of the specific claims at issue; explain why the particular information sought from that individual would inflict annoyance, oppression, or undue burden sufficient to warrant a protective order; and identify the more appropriate official to provide the information sought. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**)

At the same time, Oklahoma recognizes that a deposition of a corporate official "could be unduly burdensome and oppressive under certain circumstances." (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**) A protective order should issue where annoyance, oppression, and undue burden and expense outweigh the need for the discovery, and in weighing a top-level executive's deposition the Court considers whether other methods of discovery have been pursued, the proponent's need for the deposition, and the burden, expense, annoyance, and oppression to the organization and the proposed deponent. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**)

Discovery may be limited or denied when it is sought in an excessively burdensome manner. (**Farmers Ins. Co. v. Peterson, 2003 OK 99, 81 P.3d 659**)

Discovery rulings lie within the sound discretion of the trial court. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**)

## ANALYSIS

State Farm, as the objecting party, bears the burden — and the no unique knowledge argument does not carry it. State Farm's motion rests principally on the contention that Mr. Farney lacks unique, relevant knowledge and that any relevant information can be obtained from other employees. That contention tracks the apex doctrine our Supreme Court has declined to adopt. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**) Plaintiffs were not required to make a threshold showing that Mr. Farney possesses unique or superior personal knowledge before noticing his deposition. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**) The burden rests on State Farm, as the party opposing the deposition, to show good cause under 12 O.S. § 3226(C). (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**; **Okla. Stat. Ann. tit. 12, § 3226**)

State Farm's declarations do more than the "blanket statements" the Supreme Court found insufficient in (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**). Mr. Farney's and Ms. Manduca's declarations address Plaintiffs' specific claim, the FME, and the FPTF, and State Farm identifies other officials — Ms. Manduca and additional senior claim personnel — as the more appropriate sources of the information Plaintiffs seek. That particularized showing distinguishes this record from the conclusory denials in (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**). It does not, however, establish that Mr. Farney is beyond deposition altogether. Plaintiffs point to Farney's declaration which indicates that he "received updates and/or reporting that at

times included information concerning quality initiatives and enterprise-wide trends." (Forney Declaration) Further, Plaintiffs have identified a document in which Mr. Farney personally acted on a matter they contend is relevant — his December 14, 2023 email changing the agenda of an FPTF meeting. Whatever the ultimate relevance of the FPTF, that email reflects direct personal conduct by Mr. Farney rather than a mere passive copy, and it forecloses a finding that he has no discoverable knowledge whatsoever.

State Farm's stronger argument is proportionality. This is an individual first-party insurance dispute; Plaintiffs have obtained over 700,000 documents, have deposed Ms. Manduca for six hours, and have the depositions of five additional senior claim personnel ahead of them. Those circumstances implicate the Court's obligation to limit discovery that is cumulative or obtainable from a more convenient, less burdensome source, and where the party has had ample opportunity to obtain the information by other means. 12 O.S. § 3226(B)(2)(c). (**Okla. Stat. Ann. tit. 12, § 3226**) They also bear on the factors Oklahoma weighs for an executive deposition: whether other discovery methods have been pursued and the proponent's actual need for the top-level deposition. (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**)

The answer to these concerns is to channel the deposition rather than to forbid it. Section 3226(C)(1) authorizes the Court to permit discovery "only on specified terms and conditions," by a different method, or with the scope limited to certain matters. (**Okla. Stat. Ann. tit. 12, § 3226**) Sequencing Mr. Farney's deposition after the other ordered depositions, limiting its length and setting its location directly addresses the burden State Farm identifies while preserving Plaintiffs' right, under (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**), to depose an officer whom State Farm has not

shown to be wholly without discoverable knowledge. Plaintiffs' offer to take the deposition where Mr. Farney is located further mitigates the burden.

Should the depositions of Ms. Manduca and the other ordered State Farm executive level witnesses demonstrate that those witnesses can and do supply the information Plaintiffs seek from Mr. Farney, State Farm may renew its motion on a developed record. Conversely, if that testimony confirms that certain matters are within Mr. Farney's unique knowledge, the limited deposition permitted here will be warranted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

1. State Farm's motion to quash the deposition of Jon Farney is **DENIED**.

2. State Farm's request for a protective order is **GRANTED IN PART**. The deposition of Mr. Farney may proceed, subject to the following conditions:

a. **Sequencing.** The deposition shall not be taken until after the depositions of the other senior claim personnel previously ordered by the Court have been completed.

b. **Duration.** The deposition shall be limited to four (4) hours of testimony on the record, absent further order of the Court or agreement of the parties.

c. **Scope.** Examination shall be limited to matters within Mr. Farney's personal knowledge, including the emails identified by Plaintiffs and his role, if any, with respect to the FPTF and the FME. Counsel shall not use the deposition to re-examine Mr. Farney on matters fully covered in the depositions of other State Farm witnesses.

d. **Location.** The deposition shall be taken at or near Mr. Farney's place of business, or at such other location as the parties may agree.

3. Nothing in this Order limits State Farm's right to renew its motion for a protective order, or Plaintiffs' right to seek to expand the scope or duration of the deposition, upon a showing based on the testimony developed in the intervening depositions.

4. The Court further finds that the already ordered and noticed depositions of the State Farm witnesses shall all be concluded no later than September 14th, 2026. The deposition of Jon Farney will be conducted no later than September 21st, 2026.

5. CLERK TO MAIL A COPY OF THIS ORDER TO ALL PARTIES.

**IT IS SO ORDERED** this 14th day of August, 2026

JUDGE OF THE DISTRICT COURT