IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **NEIL & LACY WEST,** **Plaintiffs.** v. **STATE FARM FIRE & CASUALTY, & NANCY HOLCOMB INSURANCE AGENCY, INC** **Defendants.** | ) ) ) ) ) ) ) ) | **Case No. CJ-2025-135** |

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk
AUG 20 2026
By KM
Deputy

**COURT ORDER ON PLAINTIFFS' VARIOUS MOTIONS FILED ON JULY 7th, 2026**

**NOW** on this 20th day of August, 2026 the Court, after hearing argument from counsel and reviewing all of the relevant pleadings **GRANTS IN PART** the Plaintiffs' Motion to Strike State Farm's blanket Confidentiality Assertion; **GRANTS IN PART** Plaintiffs' Motion to De-Designate Documents Produced and **DENIES** the Motion to Lift the Protective Order, subject to the conditions set forth below.

**FINDINGS OF FACT**

1. On May 21, 2026, the Court entered the Protective Order governing the treatment of confidential material produced in discovery in this action.

2. The Protective Order permits a party to designate material "Confidential" only "after a bona fide determination made in good faith that the material is in fact trade secret or other confidential information as defined in paragraph 3."

3. Paragraph 3 of the Protective Order limits "Confidential" information to three enumerated categories: (a) "trade secret," which "shall have the same meaning as in 78 O.S. §86(4)"; (b) "confidential research, development or commercial information," meaning "information that is maintained in secrecy from third parties and which a party in good faith believes would result in substantial competitive harm if publicly disclosed"; and (c)

"personal confidential information," meaning "a person's social security number, medical records, bank records, personnel records and tax information."

4. Paragraph 3(a)(ii) of the Protective Order expressly provides that "trade secret' shall explicitly not include any aspects of the handling of Plaintiffs' claim as first-party insureds, including but not limited to attempts to lower indemnity payments on Plaintiffs' claim, including the total roof replacement requested, and anything regarding denying or partially denying Plaintiffs' claim."

5. Paragraph 4 of the Protective Order establishes the procedure for challenging a designation and allocates the burden of proof. It provides that a designation shall not "create a presumption the document is, in fact, confidential or a trade secret entitled to protection," and that "[t]the burden of establishing that a document or testimony contains trade secret or personal confidential information and is entitled to the protection of this Protective Order shall remain on the party making the designation."

6. In response to the Court's order granting Plaintiffs' motion to compel, State Farm produced a large volume of documents. Plaintiffs represent that the production exceeds 800,000 pages and that State Farm designated every page "Confidential." State Farm represents that it produced "nearly 800,000 documents (millions of pages)," that it "has not designated all documents confidential," and that over 600,000 of the produced documents were reproduced from other litigation in which they are subject to confidentiality provisions of settlement agreements and/or protective orders entered by other courts. State Farm contends that not all documents turned over in discovery were labeled "confidential".

7. Plaintiffs objected to State Farm's designations, and State Farm declined to withdraw them. The parties disagree as to whether or not the "challenge" procedure outlined in paragraph 4 of the Protective Order has been complied with. Regardless, the parties have failed to resolve the dispute informally.

8. The documents Plaintiffs specifically identify as improperly designated concern State Farm's internal "FME" and "Wind/Hail" initiatives, tracking of roof replacements and indemnity savings, and managerial-approval requirements for full roof replacements.

## CONCLUSIONS OF LAW

### A. Governing standard and allocation of the burden

9. A protective order in Oklahoma issues under 12 O.S. §3226(C)(1), which authorizes the Court, "for good cause shown," to enter an order protecting a party "from annoyance, harassment, embarrassment, oppression or undue delay, burden or expense," including an order "that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way." (**Okla. Stat. Ann. tit. 12, § 3226**)

10. The Oklahoma Supreme Court has held that §3226(C) shifts the burden of showing 'good cause' to the party who opposes discovery. (**YWCA of Oklahoma City v. Melson, 1997 OK 81, 944 P.2d 304**) The burden of showing good cause "is statutorily placed on the party objecting to discovery and is part of that party's motion for a protective order." (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**) The Protective Order codifies this same allocation: designation creates no presumption of confidentiality, and

the burden of establishing that material is entitled to protection "shall remain on the party making the designation."

11. A party does not carry that burden with conclusory or blanket assertions. In (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**), the Oklahoma Supreme Court held that "blanket statements" were insufficient and that the party seeking protection "must show more than these blanket statements to satisfy their burden for a protective order." (**Crest Infiniti, II, LP v. Swinton, 2007 OK 77, 174 P.3d 996**)

**B. Blanket designations.**

12. Plaintiffs have raised the issue as to State Farm's blanket confidentiality designations. Under both Oklahoma law and Paragraph 4 of the Protective Order, the burden now rests on State Farm to justify, on a document or category basis, the confidentiality of the material it has designated. A designation applied uniformly to every page of the production, without regard to content, does not satisfy that burden.

**C. Trade secret and confidential commercial information**

13. The Protective Order adopts the statutory definition of "trade secret" in 78 O.S. §86(4): information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use," and "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (**Okla. Stat. Ann. tit. 78, § 86** )

14. Under Oklahoma law, protectable trade secrets and confidential information "must be the particular secrets of the [proprietor] as distinguished from the general secrets of the

trade," must possess "a substantial element of secrecy," and must "contain elements which are unique and, not generally known or used in the trade." (**Cent. Plastics Co. v. Goodson, 1975 OK 71, 537 P.2d 330**) "Matters of public knowledge in an industry cannot be appropriated by one as [its] secret." (**Cent. Plastics Co. v. Goodson, 1975 OK 71, 537 P.2d 330**) Applying §86(4), the Tenth Circuit has confirmed that the proponent must show the information is not readily ascertainable and provide evidence that it "conferred some type of competitive advantage or economic value"; generalized and conclusory evidence will not suffice. (**Double Eagle Alloys, Inc. v. Hooper, 134 F.4th 1078 (10th Cir. 2025)**)

15. To restrict disclosure of trade secret or "other confidential research, development, or commercial information," the proponent "must 'first establish that the information sought is a trade secret [or other confidential research, development, or commercial information]' and then 'demonstrate that its disclosure might be harmful," by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." (**Video Gaming Techs., Inc. v. Castle Hill Studios LLC, No. 17-CV-454-GKF-JFJ, 2019 WL 2514705 (N.D. Okla. June 18, 2019)**)

16. An insurer's internal claims-handling policies, procedures, and business strategies are not automatically protectable. Internal corporate documents do not automatically merit protective orders, and a protective order does not exist to prevent "negative publicity" or reputational injury; such material qualifies as confidential commercial information only when the proponent couples it with a particularized showing of competitive harm. (**Video Gaming Techs., Inc. v. Castle Hill Studios LLC, No. 17-CV-454-GKF-JFJ, 2019 WL 2514705 (N.D. Okla. June 18, 2019)**)

17. Independent of these authorities, Paragraph 3(a)(ii) of the Protective Order removes from the "trade secret" category any aspects of the handling of Plaintiffs' claim as first-party insureds, including attempts to lower indemnity payments on Plaintiffs' claim, the total roof replacement requested, and anything regarding denying or partially denying Plaintiffs' claim. Documents falling within Paragraph 3(a)(ii) are, by the terms the parties agreed to, not trade secrets and may not be designated Confidential on that basis.

**D. Confidentiality of discovery is distinct from sealing of court records.**

18. The Court agrees with State Farm that the standard governing confidentiality designations of discovery material differs from the standard governing the sealing of records filed with the Court. Under Oklahoma law, "discovery documents produced in private litigation are not public records and would not, under the Open Records Act, otherwise be available for public inspection and copying, unless the documents are filed of record or admitted into evidence." (**Good v. Farmers Ins. Co., 2023 OK CIV APP 28, 536 P.3d 961**)

19. When material is filed with the Court, however, it becomes subject to the presumption of public access, and sealing is governed by the Oklahoma Open Records Act. (**Mitchell v. Mitchell, 2021 OK CIV APP 17, 491 P.3d 759**) Court records are public unless a statute requires confidentiality, and the Court "may seal a record or portion of a record only if a compelling privacy interest exists which outweighs the public's interest in the record." A sealing order must be public and must (1) make findings of fact, (2) state conclusions of law specific enough to reveal the legal basis for sealing, (3) use "the least restrictive means for achieving confidentiality," and (4) be "narrowly tailored so that only the portions of the record subject to confidentiality are sealed and the remainder of the record

is kept open." (**Okla. Stat. Ann. tit. 51, § 24A.30** ) Any order removing material from the public record must also contain a statement that removal "is necessary in the interests of justice" and a "specific identification of the material" withheld. (**Okla. Stat. Ann. tit. 51, § 24A.29** ) Strict compliance with these requirements "is mandatory in all cases." (**Good v. Farmers Ins. Co., 2023 OK CIV APP 28, 536 P.3d 961**) The "interests of justice" finding is "a very high standard for good reason and is required in every case," and speculative harm will not support closure. (**Good v. Farmers Ins. Co., 2023 OK CIV APP 28, 536 P.3d 961**; **Nichols v. Jackson, 2001 OK CR 35, 38 P.3d 228**)

20. This distinction cuts both ways. It defeats Plaintiffs' contention that the presumption of public access to court records, standing alone, requires the wholesale de-designation of unfiled discovery. It equally defeats State Farm's suggestion that the good-faith designation standard excuses it from justifying challenged designations: the challenge procedure in Paragraph 4 and 12 O.S. §3226(C), not the sealing statutes, supply the standard, and under that standard the burden of justification remains on State Farm. (**YWCA of Oklahoma City v. Melson, 1997 OK 81, 944 P.2d 304**)

***IT IS THEREFORE ORDERED, ADJUDGED AND DECREED*** that State Farm's blanket designation of its entire production as "Confidential" is STRICKEN. A uniform, undifferentiated designation applied to every page of the production does not reflect the "bona fide determination made in good faith" that Paragraph 1 of the Protective Order requires, and it does not satisfy State Farm's burden under 12 O.S. §3226(C) and Paragraph 4 of the Protective Order. (**YWCA of Oklahoma City v. Melson, 1997 OK 81, 944 P.2d 304**; **State ex rel. Oklahoma State Bd. of Med. Licensure & Supervision v. Rivero, 2021 OK 31, 489 P.3d 36**.

Further, the Court finds that Exhibit numbers: **2-7, 9, 11, 12, 14-16, 24, 26-38, 40-42 and 44-45** identified in Plaintiff's Reply, filed on August 6th, 2026 shall be de-designated and removed from the protective order as the exhibits identified above do not contain any protected information as outlined in the protective order. Further, the exhibits listed above shall be treated like normal documents exchanged in the course of discovery.

**Re-designation on a particularized basis.** Within thirty (30) days of the date of this Order, State Farm shall review its production and re-designate as "Confidential" only those documents, or portions of documents, that it has determined in good faith fall within one of the three categories defined in Paragraph 3 of the Protective Order. For each document or reasonably defined category of documents it re-designates, State Farm shall identify the applicable Paragraph 3 category. Any document not re-designated within that period shall no longer be subject to the Protective Order and is DE-DESIGNATED, consistent with Paragraph 4 of the Protective Order.

**First-party claim-handling materials.** Consistent with Paragraph 3(a)(ii) of the Protective Order, any document concerning the handling of Plaintiffs' own claim as first-party insureds — including attempts to lower indemnity payments on Plaintiffs' claim, the total roof replacement requested, and the denial or partial denial of Plaintiffs' claim — may not be designated "Confidential" as a "trade secret" and is DE-DESIGNATED to the extent so designated on that basis.

**Burden on any maintained designation.** For any designation State Farm maintains and Plaintiffs continue to challenge, State Farm bears the burden of establishing, by a particular and specific demonstration of fact, that the material falls within a Paragraph 3 category and that its disclosure would cause a cognizable competitive or other legally protectable harm.

**Documents subject to other courts' orders.** In its re-designation, State Farm shall separately identify any documents it contends remain confidential solely by reason of a protective order or settlement agreement entered in other litigation. The de-designation directed by this Order does not, of its own force, disturb a confidentiality obligation independently imposed by another court; any dispute regarding such documents shall be addressed under the Paragraph 4 procedure with reference to the terms and jurisdiction of the order said to govern them.

**Meet and confer/further challenges.** The parties ***SHALL MEET AND CONFER IN PERSON AND IN GOOD FAITH*** regarding any designations that remain in dispute following State Farm's re-designation, in accordance with Paragraph 4 of the Protective Order. Any designation the parties cannot resolve shall be submitted to the Court for determination, at which time the burden of justifying the designation shall rest on State Farm. The Court further admonishes the parties that future discovery disputes could result in attorney fees, sanctions or the appointment of a discovery master.

**The Protective Order remains in effect.** Plaintiffs' request to lift or dissolve the Protective Order in its entirety is DENIED. The Protective Order was entered on the parties' agreement and provides an orderly mechanism, in Paragraph 4, for resolving the very dispute presented here; the appropriate remedy for over-designation is application of that mechanism and the de-designation directed above, not wholesale dissolution. Except as modified by this Order, the Protective Order remains in full force and effect.

**Sealing of court records.** Plaintiffs' request for a prospective order prohibiting all future under-seal filings absent a particularized showing of harm is DENIED. Nothing in this Order relieves any party of the obligation to satisfy 51 O.S. §§24A.29 and 24A.30 before any material is filed under seal or removed from the public record. Any request to seal a filed record shall be

made by motion, shall be evaluated on a case-by-case basis under the compelling-privacy-interest standard, and shall be granted only upon the findings of fact, conclusions of law, least-restrictive-means, and narrow-tailoring requirements those statutes impose. (**<u>Good v. Farmers Ins. Co., 2023 OK CIV APP 28, 536 P.3d 961</u>**)

**IT IS SO ORDERED** this 20th day of August, 2026.

Grant Shepard
JUDGE OF THE DISTRICT COURT

***CLERK TO MAIL A COPY OF THIS ORDER TO ALL PARTIES AND FILE A CERTIFICATE OF MAILING***



I, ROBERT MORALES, District Court Clerk in and for Comanche County, Oklahoma, hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the Court Clerk's office of Comanche County, Oklahoma, This 20 day of August 20 26
ROBERT MORALES, District Court Clerk
By ______ Deputy